United States District Court
Southern District of Texas
**ENTERED**
June 26, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| YOHANNY CASTILLO RAMIREZ, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-04381 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| RANDY TATE, | § | |
| Respondent. | § | |

## OPINION AND ORDER ON DISMISSAL

Petitioner Yohanny Castillo Ramirez filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 1, 2026. Dkt 1. He proceeds here *pro se*. He acknowledges illegal entry into the United States on a prior date but nonetheless asserts that his present detention under 8 USC §1225(b) is unlawful as a violation of (i) the Immigration and Naturalization Act, and (ii) the Due Process Clause of the Fifth Amendment. Id at 10–18.

A prior order noted the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026), which held that 8 USC §1225(b)(2)(A) subjects anyone present in the United States without legal admission to mandatory detention as an "applicant for admission" deemed to be "seeking admission." See Dkt 4 at 1–2. That order also conveyed a number of previous decisions by the undersigned resolving several closely related issues. Id at 2–5.

Initial screening of the petition determined that the arguments presented raised only issues resolved in those decisions. But Petitioner was granted an opportunity to specify individual circumstances or additional arguments supporting a different result. Id at 5.

Petitioner responded. Dkt 5. He recognizes the decision in *Buenrostro-Mendez* and the prior decisions by the undersigned, but he nevertheless contends that they don't apply to him because (i) he has a pending asylum application, (ii) he was previously released under an order of supervision and complied with all of its terms, (iii) he has no criminal history and isn't a danger to the community, and (iv) detention is causing him significant physical and emotional harm. See id at 1–3.

*As to the statutory claim,* Petitioner expresses his disagreement with the Fifth Circuit's determination in *Buenrostro-Mendez* that individuals like himself, present in the United States without legal admission, are subject to detention under §1225(b)(2)(A). But the undersigned previously reached the same conclusion based on the plain language of the statute. See *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex); *Herrera Naranjo v Uhls*, 2025 WL 3771447 (SD Tex). And even if inclined to reconsider, the undersigned couldn't grant Petitioner relief contrary to *Buenrostro-Mendez* because a district court "is bound by a circuit decision unless or until it is overturned by an *en banc* decision of the circuit court or a decision of the Supreme Court." *La Unión del Pueblo Entero v Abbott*, 614 F Supp 3d 509, 525 (WD Tex 2022), quoting *Perez v Abbott*, 250 F Supp 3d 123, 139 (WD Tex 2017). Petitioner's disagreement with prior decisions and binding Fifth Circuit precedent isn't a basis for *habeas corpus* relief.

*As to the claim based on prior release,* Petitioner essentially seeks to bind the current Administration to decisions made previously regarding the enforcement of a statute clearly applicable to him. The Fifth Circuit notes that courts are "exceedingly reluctant to grant equitable estoppel against the government." *Robertson-Dewar v Holder*, 646 F3d 226, 229 (5th Cir 2011). As the Supreme Court observes, "When the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined." *Heckler v Community Health Services of Crawford County, Inc*,

467 US 51, 60 (1984). "In addition, the government should not be unduly hindered from changing its position if that shift is the result of a change in public policy." *United States v Owens*, 54 F3d 271, 275 (6th Cir 1995).

Such concerns are certainly present here. The Supreme Court has recognized that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Maceda Jimenez v Thompson*, 2025 WL 3265493, *1 (SD Tex), quoting *Demore v Kim*, 538 US 510, 526 (2003). The decision of prior Administrations to decline to enforce §1225(b)(2)(A) against individuals like Petitioner neither changes the plain statutory text nor otherwise abrogates the Government's authority to lawfully detain him pending his removal. As recently explained by Judge Fernando Rodriguez:

> Petitioner enjoyed liberty within the United States for some years when past administrations exercised their discretion to forgo applying [§]1225 to him. But no statutory or regulatory provision, and no Constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under [§]1225.

*Makhmudov v Lyons*, 2026 WL 879392, *1 (SD Tex).

*As to the due process claims,* due process arguments similar to those raised by Petitioner were rejected by the undersigned in *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex), which held that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A). The undersigned later found that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis,* 533 US 678 (2001), as to post-removal-order detention. See *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, April 27, 2026). Finally,

the petition and its attachments make clear that Petitioner's removal order is not yet final, so the presumptively constitutional six-month post-final-order detention period provided by *Zadvydas* hasn't yet begun.

Petitioner's contentions concerning his compliance with previous immigration orders, his pending asylum claim, his lack of criminal history, and his strong ties to the community may bear on the question of whether he should ultimately be removed. But they don't bear on the question of whether he may be detained during the pendency of such removal proceedings. As such, he hasn't shown that his current detention violates his rights under the Due Process Clause.

*And as to his claims of physical and emotional injury,* they aren't properly presented in this *habeas corpus* action. *Solano-Hurtado v Garcia*, 2026 WL 916966, *3 (SD Tex): "Conditions-of-confinement claims improperly raised in a *habeas corpus* petition must be dismissed for lack of jurisdiction." Any such claims must instead be raised in a civil rights action. See *Melot v Bergami*, 970 F3d 596, 599 (5th Cir 2020).

* * *

Because Petitioner hasn't established that his detention violates either the Constitution or federal law, he isn't entitled to relief on *habeas corpus* in this action.

The petition for writ of *habeas corpus* by Petitioner Yohanny Castillo Ramirez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

Any pending motions are DENIED AS MOOT.

A certificate of appealability is DENIED as unnecessary.

Final judgment will enter separately.

The Clerk will mail this Order to Petitioner and email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this disposition to Respondents.

SO ORDERED.

Signed on June 26, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge